### H. J. MOHLMAN CO. v. REIKERS.

(Supreme Court, Appellate Term.   October, 1901.)

CORPORATIONS—UNAUTHORIZED ACT OF OFFICER—SETTLEMENT OF DEBT.
     Where an employé of a corporation became indebted to it, and in payment of the claim gave a deed of certain realty to the cashier of the corporation in his individual name, which was repudiated by the corporation, the unauthorized act of the cashier is not binding on the corporation, and the defendant was liable for the full amount of the claim.

Appeal from municipal court, borough of Manhattan, First district.

Action by the H. J. Mohlman Company against Henry Reikers. From a judgment in its favor the plaintiff appeals on the ground of inadequacy.   Reversed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

William O. Miles, for appellant.

Luther Shafer, for respondent.

McADAM, J.   The plaintiff, a corporation, sues to recover $460.-83, for goods sold and delivered.   The defendant pleaded that he had paid, on account of the demand, $350, by the transfer of a certain piece of real estate to John Y. Fitzsimmons, the representative of the plaintiff.   The justice found that this defense had been established, and gave the plaintiff judgment for the balance due, $110.83. The plaintiff, being dissatisfied with the amount of the recovery on account of its inadequacy, has appealed.

It appears that Fitzsimmons was an assistant cashier of the plaintiff; that the defendant got into some little financial trouble, and proposed to convey his property to his creditors.   He offered the deed in suit to Fitzsimmons on the plaintiff's claim.   The defendant said, "In whose name shall I put the property?" and Fitzsimmons replied, "Put it in mine, if you like."   The defendant thereupon executed a deed to Fitzsimmons of the property.   The corporation never authorized the act, and promptly disapproved of and repudiated it.   Fitzsimmons thereupon tendered back a reconveyance of the property to the defendant, so as to restore him to his former position. Surely, the transaction stated between the plaintiff's agent and the defendant discharged no part of the plaintiff's claim.   It was the agent's duty to keep the property of the principal separate from his own.   He could not act in his own name or for his own account, nor could he discharge obligations to his principal by taking conveyances or transfers in his own name.   In order to bind the principal, and to make it his contract, the instrument must purport on its face to be the contract of the principal.   In the present instance the deed was not made to the plaintiff, but to its agent in his individual right. It in no manner purported to or did convey any right to the plaintiff, nor did it confer upon it any legal title whatever.   For these reasons the judgment must be reversed, and a new trial ordered, with costs to abide the event.

Judgment reversed and new trial ordered, with costs to abide event. All concur.